**Opinion issued August 9, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00651-CR

_____

## HUNTER RYAN HAMILTON WOODS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

## On Appeal from 232nd District Court
## Harris County, Texas
## Trial Court Cause No. 1442018

---

## MEMORANDUM OPINION

Appellant, Hunter Ryan Hamilton Woods, was found guilty after a jury trial

of the first-degree felony offense of murder.[1]  After the trial, the jury assessed his

---

[1]  *See* TEX. PENAL CODE ANN. § 29.02(a)(2), (b) (West 2011).

punishment at twenty-five years' confinement. This sentence is within the applicable sentencing range.[2] The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal and new counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that she has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel has certified that she has sent a copy of the records to appellant for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App.

---

[2] *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

2014). Appellant has not filed any *pro se* response to his counsel's *Anders* brief and his deadline has expired.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a). Attorney Patti Sedita must

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Brown, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).